NOT FOR PUBLICATION

# FILED

DEC 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| **JAVIER LOPEZ-GONZALEZ,** | No. 14-72810 |
| Petitioner, | Agency No. A072-912-895 |
| v. | |
| **JEFFERSON B. SESSIONS III,** **Attorney General,** | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2017[**]
Pasadena, California

Before:     **KOZINSKI**, **HAWKINS** and **PARKER**,[***] Circuit Judges.

A successful Convention Against Torture ("CAT") "applicant must show

both a greater than 50 percent likelihood that he will be tortured . . . and that a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

public official would . . . acquiesce in that torture." Madrigal v. Holder, 716 F.3d 499, 508 (9th Cir. 2013) (citations omitted). An applicant's testimony, "if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R § 208.16(c)(2).

The IJ found that Lopez-Gonzalez's testimony about his kidnapping was credible. He testified that his abductors tortured him and questioned him about "which cartel that [h]e belong[ed] to." He also testified that his captors threatened to kill him if they saw him again. The IJ thus erred in holding that Lopez-Gonzalez would not likely be tortured again because past torture is "the principal factor on which we rely when an applicant who has previously been tortured seeks [CAT] relief[.]" Nuru v. Gonzales, 404 F.3d 1207, 1218 (9th Cir. 2005). In light of our recent holding that many Mexican "police officers are involved in kidnapping . . . or acting directly on behalf of[] organized crime and drug traffickers," Madrigal, 716 F.3d at 507 (quotation marks omitted), Lopez-Gonzalez has sufficiently "show[n] that public officials demonstrate[d] 'willful blindness' to [his] torture[.]" Zheng v. Ashcroft, 332 F.3d 1186, 1196 (9th Cir. 2003). Willful blindness satisfies the CAT requirement of government acquiescence. Id.

**GRANTED.**